IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COPSYNC, INC.,<br>RUSSELL CHANEY, AND<br>JASON S. RAPP<br><br>    Plaintiffs,<br><br>vs.<br><br>TIMOTHY T. PAGE,<br>TESTRE, L.P.<br>GRIFFDOM ENTERPRISES, INC.<br>CHELSEA PLACE INVESTMENTS, INC.<br>SWEETSUN INTERTRADE, INC.<br>JULES DEVELOPMENT, INC.<br>SILAU HOLDINGS, INC.<br>VERONA FUNDS, LLC<br>ULA TECH CONSULTING<br>NEOSTOX CORP., and<br>BEAUX BEAUX PARTNERSHIP<br><br>    Defendants. | Case No. A09CA 871 SS |

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS TIMOTHY
T. PAGE, TESTRE, LTD., GRIFFDOM ENTERPRISES , INC.,
CHELSEA PLACE INVESTMENTS, INC. AND VERONA FUNDS, LLC.**

**ANSWER**

Defendants Timothy T. Page ("Page"), Testre, Ltd. ("Testre"), Griffdom Enterprises , Inc. ("Griffdom"), Chelsea Place Investments, Inc., and Verona Funds, LLC. ("Verona"), make the following answer to Plaintiffs' Complaint in this proceeding. (Collectively, Page, Testre, Griffdom and Verona refer to themselves in this Answer as "the Defendants."  They don't answer on behalf of any other defendants named in the Complaint.)

1. Defendants admit the allegations of the first sentence of paragraph 1 of the Complaint to the extent that it is alleging that the Plaintiffs are bring an action, making certain allegations, and requesting relief. They deny all remaining allegations in the paragraph, including any suggestion that the Plaintiffs' allegations are true and that they are entitled to any relief.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants admit the allegations of the first sentence in paragraph 3 of the Complaint. Defendants deny that Plaintiff Chaney has any standing whatsoever to bring the claims in Counts 2 through 8 of the Complaint as a shareholder and further deny that he has pled any predicate to bring the claims in Count 1 of the Complaint as a shareholder.

4. Defendants admit the allegations of the first sentence in paragraph 4 of the Complaint. Defendants deny that Plaintiff Rapp has any standing whatsoever to bring the claims in Counts 2 through 8 of the Complaint as a shareholder and further deny that he has pled any predicate to bring the claims in Count 1 of the Complaint as a shareholder.

5. Defendants admit the allegations of paragraph 5 of the Complaint.

6. Defendants admit the allegations of paragraph 6 of the Complaint.

7. Defendants admit the allegations of the first and third sentences of paragraph 6 of the Complaint. They deny that Griffdom has any ongoing business at any place.

8. Defendants admit the allegations of paragraph 8 of the Complaint.

9. The Defendants deny that Page is a principal or director of Sweetsun Intertrade, Inc., as alleged in paragraph 9 of the Complaint. They otherwise lack

sufficient information to admit or deny the allegations of paragraph 9 and, accordingly, deny them.

10.  The Defendants deny that Page is a principal or director of Jules Development, Inc., as alleged in paragraph 10 of the Complaint. They otherwise lack sufficient information to admit or deny the allegations of paragraph 10 and, accordingly, deny them.

11.  The Defendants deny that Page is a principal or director of Silau Holdings, Ltd., as alleged in paragraph 11 of the Complaint. They otherwise lack sufficient information to admit or deny the allegations of paragraph 11 and, accordingly, deny them.

12.  Defendants admit the allegations of paragraph 12 of the Complaint.

13.  The Defendants deny that Page is a "de facto principal" of ULA Tech Consulting, Inc., as alleged in paragraph 13 of the Complaint. They otherwise lack sufficient information to admit or deny the allegations of paragraph 13 and, accordingly, deny them.

14.  The Defendants deny that Page is or was at the time this civil action was filed a vice-president of Neostox Corp., as alleged in paragraph 14 of the Complaint. They otherwise lack sufficient information to admit or deny the allegations of paragraph 14 and, accordingly, deny them.

15.  The Defendants admit that Beaux Beaux Partnership has its principal place of business in Bellaire, Texas, and that Bobby Perry is a principal of either it or its general partner. They otherwise lack sufficient information to admit or deny the allegations of paragraph 15 and, accordingly, deny them.

16. Paragraph 16 of the Complaint does not require the Defendants to admit or deny it. It just states a convention the Plaintiffs are using in the Complaint. The Defendants deny, however, any implication that the listed Defendants are alter egos of Defendant Page and or that he has any degree of control over them other than Testre, Griffdom and Verona.

17. The Defendants admit the Court's subject matter jurisdiction, as alleged in paragraph 17 of the Complaint.

18. The Defendants admit that Testre and Griffdom are Texas companies and that the Court has personal jurisdiction over them on that basis, as alleged in Paragraph 18 of the Complaint. They deny the allegations of Paragraph 18 as to Page, Chelsea Place and Verona and further deny that any Defendants "conspired." They lack sufficient information to admit or deny the allegations of paragraph 18 as to the other so-called "Page Defendants" and, accordingly, deny them.

19. With regard to the allegations in paragraph 19 of the Complaint, the Defendants admit that venue is proper as to Testre and Griffdom, deny that it is proper as to Page, Chelsea Place and Verona, and lack sufficient information to admit or deny the allegations of paragraph 18 as to the other so-called "Page Defendants" and, accordingly, deny them.

20. The Defendants admit that Chaney and Rapp are principals of COPsync but otherwise lack sufficient information to admit or deny the allegations of paragraph 20 of the Complaint and, accordingly, deny them.

21. The Defendants lack sufficient information to admit or deny the allegations of paragraph 21 of the Complaint and, accordingly, deny them.

22. The Defendants admit that COPsync was not a public company and was interested in merging with a public company in or about 2007, as alleged in paragraph 22 of the Complaint. The Defendants otherwise lack sufficient information to admit or deny the allegations of paragraph 22 of the Complaint and, accordingly, deny them.

23. The Defendants admit that Page was contacted by Chaney and Rapp in late 2007, to the extent this is alleged in paragraph 23 of the Complaint. They deny that Page "approached" Chaney and Rapp and the remaining allegations in paragraph 23.

24. The Defendants deny the allegations of paragraph 24 of the Complaint.

25. The Defendants deny the allegations of paragraph 25 of the Complaint.

26. The Defendants admit, to the extent implied in paragraph 26 of the Complaint, that Page became aware of GADV through COPsync's attorneys and that Testre, not Page, paid $750,000 to buy some, not all, shares of GADV. The Defendants admit that certain other of the named defendants purchased shares of GADV in conjunction with their purchase. The Defendants deny all other allegations of paragraph 26 of the Complaint.

27. The Defendants admit that GADV agreed to repay Testre for its purchase and financing of the purchase of certain GADV stock. The Defendants otherwise deny the allegations of paragraph 27 of the Complaint.

28. The Defendants admit the allegations of the first sentence of paragraph 28 of the Complaint. The Defendants deny the allegations of the second sentence as to Page and are without knowledge to admit or deny them as to unnamed PostInk partners and, accordingly, deny them

29. The Defendants admit that investors in PostInk received shares of COPsync stock as part of the merger although they deny that this describes the full compensation to those investors. The Defendants otherwise deny the allegations of paragraph 29 of the Complaint.

30. The Defendants deny the allegations of paragraph 30 of the Complaint.

31. The Defendants admit that there were 90 day lockup agreements to the extent paragraph 31 of the Complaint is alleging that. They otherwise deny the allegations of paragraph 31.

32. The Defendants deny the allegations of paragraph 32 of the Complaint.

33. The Defendants admit that Page made introductions for COPsync to potential investors after the closing of the Acquisition Agreement, to the extent that paragraph 33 of the Complaint is alleging this. The Defendants otherwise deny the allegations of paragraph 33 of the Complaint.

34. The Defendants deny the allegations of paragraph 34 of the Complaint.

35. The Defendants deny the allegations of paragraph 35 of the Complaint.

36. The Defendants admit that from time to time they have sold shares of COPsync in the open market, to the extent paragraph 36 of the Complaint is alleging this, but they deny the dates, amounts, and all other allegations of paragraph 36 of the Complaint as to them. The Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 36 as to the other so-called "Page Entitites" and, accordingly, deny them.

37. The Defendants deny the allegations of paragraph 37 of the Complaint except that they admit that they have never donated any proceeds from the sale of stock to COPsync.

38. The Defendants deny the allegations of paragraph 38 of the Complaint.

39. The Defendants deny the allegations of paragraph 39 of the Complaint.

40. The Defendants deny the allegations of paragraph 40 of the Complaint.

41. The Defendants deny the allegations of paragraph 41 of the Complaint except that they admit that Page is and has been a defendant in various SEC actions which, however, had nothing to do with Section 16(b) of the Exchange Act or short-swing profits.

42. Paragraph 42 is cumulative, incorporating previous paragraphs by reference.  To the extent the Defendants admitted or denied the allegations in the previous paragraphs, they reincorporate those responses.

43. The Defendants deny the allegations of paragraph 43 of the Complaint.

44. The Defendants deny the allegations of paragraph 44 of the Complaint.

45. The Defendants deny the allegations of paragraph 45 of the Complaint.

46. The Defendants deny the allegations of paragraph 46 of the Complaint.

47. The Defendants deny the allegations of paragraph 47 of the Complaint.

48. Paragraph 48 is cumulative, incorporating previous paragraphs by reference.  To the extent the Defendants admitted or denied the allegations in the previous paragraphs, they reincorporate those responses.

49. The Defendants admit that they have owned shares of COPsync stock. They otherwise deny the allegations of paragraph 49 of the Complaint.

50. The Defendants deny the allegations of paragraph 50 of the Complaint.

51. The Defendants deny the allegations of paragraph 51 of the Complaint.

52. The Defendants deny the allegations of paragraph 52 of the Complaint.

53. The Defendants deny the allegations of paragraph 53 of the Complaint.

54. Paragraph 54 is cumulative, incorporating previous paragraphs by reference. To the extent the Defendants admitted or denied the allegations in the previous paragraphs, they reincorporate those responses.

55. The Defendants deny the allegations of paragraph 55 of the Complaint.

56. The Defendants deny the allegations of paragraph 56 of the Complaint.

57. The Defendants deny the allegations of paragraph 57 of the Complaint.

58. The Defendants deny the allegations of paragraph 58 of the Complaint.

59. The Defendants deny the allegations of paragraph 59 of the Complaint.

60. The Defendants deny the allegations of paragraph 60 of the Complaint except that they admit that Page agreed to a 90 day lockup agreement.

61. The Defendants deny the allegations of paragraph 61 of the Complaint

62. The Defendants deny the allegations of paragraph 62 of the Complaint

63. Paragraph 63 is cumulative, incorporating previous paragraphs by reference. To the extent the Defendants admitted or denied the allegations in the previous paragraphs, they reincorporate those responses.

64. The Defendants deny the allegations of paragraph 64 of the Complaint.

65. The Defendants deny the allegations of paragraph 65 of the Complaint.

66. The Defendants deny the allegations of paragraph 66 of the Complaint.

67. The Defendants deny the allegations of paragraph 67 of the Complaint.

68. Paragraph 68 is cumulative, incorporating previous paragraphs by reference. To the extent the Defendants admitted or denied the allegations in the previous paragraphs, they reincorporate those responses.

69. The Defendants deny the allegations of paragraph 69 of the Complaint.

70. The Defendants deny the allegations of paragraph 70 of the Complaint.

71. The Defendants deny the allegations of paragraph 71 of the Complaint.

72. The Defendants deny the allegations of paragraph 72 of the Complaint.

73. Paragraph 73 is cumulative, incorporating previous paragraphs by reference. To the extent the Defendants admitted or denied the allegations in the previous paragraphs, they reincorporate those responses.

74. The Defendants deny the allegations of paragraph 74 of the Complaint.

75. The Defendants deny the allegations of paragraph 75 of the Complaint.

76. The Defendants deny the allegations of paragraph 76 of the Complaint.

77. Paragraph 77 is cumulative, incorporating previous paragraphs by reference. To the extent the Defendants admitted or denied the allegations in the previous paragraphs, they reincorporate those responses.

78. The Defendants deny the allegations of paragraph 78 of the Complaint.

79. The Defendants deny the allegations of paragraph 79 of the Complaint.

80. The Defendants deny the allegations of paragraph 80 of the Complaint.

81. The Defendants deny the allegations of paragraph 81 of the Complaint.

82. The Defendants deny the allegations of paragraph 82 of the Complaint.

83. Paragraph 77 is cumulative, incorporating previous paragraphs by reference. To the extent the Defendants admitted or denied the allegations in the previous paragraphs, they reincorporate those responses.

84. The Defendants deny the allegations of paragraph 84 of the Complaint.

85. The Defendants deny the allegations of paragraph 85 of the Complaint.

86. Paragraph 86 is cumulative, incorporating previous paragraphs by reference. To the extent the Defendants admitted or denied the allegations in the previous paragraphs, they reincorporate those responses.

87. The Defendants deny the allegations of paragraph 87 of the Complaint.

88. Paragraph 88 is cumulative, incorporating previous paragraphs by reference. To the extent the Defendants admitted or denied the allegations in the previous paragraphs, they reincorporate those responses.

89. The Defendants deny the allegations of paragraph 89 of the Complaint.

90. The Defendants deny the allegations of paragraph 90 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Complaint's allegations that the Defendants agreed orally (1) to an lock-up period either indefinite, perpetual, or more than a year and (2) to turn over all proceeds from stock sales of COYN to the Plaintiffs, are barred by the statute of frauds.

2. The Plaintiffs' tort claims are barred by the "economic loss" rule.

3. The Plaintiffs are estopped from asserting that Page sold stock in violation of any duties owed to them by their full, contemporaneous knowledge that Page had acquired and was selling free-trading stock and their acceptance of part of the proceeds from such sales as loans to finance their ongoing operations.

4.  The Complaint fails to state a claim against the Defendants upon which relief can be granted.

5.  Plaintiffs Chaney and Rapp have no standing to bring claims which belong solely to COPSync in Counts 2 through 8 of the Complaint.

6.  Since CopSync is making a claim under Section 16(b) of the Securities Exchange Act of 1934 in Count 1 of the Complaint, Plaintiffs Chaney and Rapp have no standing under that same section to make such a claim on behalf of COPsync.

7.  Plaintiffs have failed to make any written demand on Defendants such as would entitle them to an award of attorneys' fees under Tex. Civ. Prac. & Rem. Code § 38.001.

WHEREFORE, Defendants pray that the Court deny all relief to the Plaintiffs, that it dismiss the Complaint with prejudice and enter judgment in favor of the Defendants, and that the Defendants recover their costs and expenses, including reasonable attorney's fees, and obtain such other relief to which they may be entitled.

## **COUNTERCLAIMS**

### FIRST COUNTERCLAIM BY TIM PAGE AND TESTRE<br>AGAINST COPSYNC–BUSINESS DISPARAGEMENT

1.  On or about December 22, 2009, Counterclaim Defendant COPsync and persons currently unknown to Defendant Page, contacted the offices of J.H. Darbie & Co., a broker-dealer in New York City where Page and/or Testre did business and maintained a brokerage account.

2. On information and belief, COPsync falsely stated to J.H. Darbie that Page and/or Testre were wrongfully holding shares shares of its stock in their accounts and made claims with regard to such shares.

3. COPsync's statements to J.H. Darbie were false, malicious, and without privilege.

4. As the direct result of COPsync's threats and accusations, J.H. Darbie requested that Page and/or Testre transfer their accounts elsewhere, resulting in damages in an amount to proved at trial.

## SECOND COUNTERCLAIM BY TESTRE, L.P., AGAINST COPSYNC, CHANEY AND RAPP–FRAUDULENT INDUCEMENT

5. After being approached by COPsync (then named PostInk, Inc.) and its principals, Chaney and Rapp, Page agreed to assist them in locating a publicly traded company and effecting a reverse merger of PostInk into the company.  In connection with that effort, Testre advanced $750,000 for the acquisition of shares owned by third parties in Global Advance Corporation ("GADV") by itself and various third parties, some affiliated with Page and some not.  Both GADV and COPsync agreed to pay this amount back to Testre, understanding that Testre's interests would be severely diluted by stock GADV would issue to the PostInk/COPsync owners in any reverse merger.

6. Prior to and following the reverse merger, PostInk, Chaney and Rapp continuously solicited Page to lend money to PostInk/COPsync for operating expenses.

7. In response to their solicitations, Testre L.P. made a series of loans to PostInk/COPsync from January, 2008, through July, 2009.  Specifically, it made the following loans pursuant to the following loan agreements:

a. $40,000 loan agreement, dated January 21, 2008;

b. $40,000 loan agreement, dated February 13, 2008;

c. $40,000 loan agreement, dated March 13, 2008;

d. $40,000 loan agreement, dated March 25, 2008;

e. $40,000 loan agreement, dated June 25, 2008;

f. $100,000 loan agreement, dated July 12, 2008;

g. $80,000 loan agreement, dated July 14, 2008; and

h. $52,000 loan agreement, dated July, 14, 2009.

8. In order to induce the Testre to advance the initial funds for purchase of the GADV shares and the additional loans to PostInk/COPsync, COPsync, Chaney and Rapp made numerous false and misleading claims that COPsync had huge sales per quarter and other claims about contracts and imminent contracts with law enforcement agencies. These claims were materially false and misleading and omitted to disclose information necessary to make their statements not misleading.

9. Contrary to their hyperbolic sales claims, COPsync had sales of approximately $4,000 for all of 2008 and approximately $1,000, $6,000, and $8,000 for the first three quarters of 2009, respectivley, as reflected in their SEC filings.

10. The statements by COPsync, Chaney, and Rapp to Page were false, they knew them to be false, and they made them to induce Testre to advance them loans and funds.

11. Page and Testre relied on these false statements and material omissions to their detriment, advancing the funds detailed above to COPsync, resulting in damages in an amount to be proved at trial.

## EXEMPLARY DAMAGES

12. The conduct of Counterclaim Defendants COPsync, Chaney and Rapp, as set forth in the preceding two counterclaims, consituted fraud, malice, willful acts and omissions and/or gross negligence entitling Counterclaim Plaintiffs Page and Testre

WHEREFORE, Counterclaim Plaintiffs Page and Testre pray that the Court enter judgment in their favor against Counterclaim Defendants COPsync, Chaney and Rapp and award:

1. Actual damages to be proved at trial;

2. Exemplary damages;

3. Reasonable attorney's fees;

4. Pretrial and postrial interest;

5. Costs; and

6. Such other relief as to which the Counterclaim Plaintiffs are justly entitled.

Respectfully submitted,

/s/ John Courtade
John Courtade
Texas Bar No. 04891200
4408 Spicewood Springs Road
Austin, Texas 78759
tel. 512-502-1135
fax: 512-502-1138
e-mail: johncourtade@johncourtade.com
Attorney-in-charge for Defendants
Timothy T. Page, Testre, Ltd., Griffdom
Enterprises, Inc., Chelsea Place
Investments, and Verona Funds, LLC.

Dated: December 30, 2009

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2009, I served the following document(s):

1. Answer of Defendants Timothy T. Page, Testre, Ltd., Griffdom Enterprises, Inc., and Verona Funds, LLC.

electronically by the Court's ECF system and by U.S. Mail upon the following persons:

Lisa S. Tsai, Esq.
Reid Davis, LLP
7800 Shoal Creek Blvd., Suite 210 West
Austin, Texas 78757
Attorney for Plaintiffs

                                             /s/ John Courtade
                                             John Courtade